```
RECEIPT # _____ ω
AMOUNT $ 250
SUMMONS ISSUED  YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. ß
DATE   8-26-05
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO:

SHARON A. JAEGER, )
   Plaintiff )
)
V. )
)
METROPOLITAN LIFE INSURANCE )
 COMPANY )
EMPLOYEE BENEFIT PLAN SALARIED )
EMPLOYEES GEORGE WESTON BAKERIES, )
INC., GEORGE WESTON BAKERIES )
DISTRIBUTION, INC., )
   Defendants )

**05 cv 11775 WGY**

**COMPLAINT WITH JURY DEMAND**

MAGISTRATE JUDGE Collings

### Parties

1. Plaintiff is Sharon A. Jaeger ("Ms. Jaeger") an individual having a usual place of residence at Taunton, Bristol County, Massachusetts.

2. Defendant is Metropolitan Life Insurance Company ("MetLife") an insurance subsidiary of Metropolitan Life, Inc., One Madison Avenue, New York, New York, doing business in the Commonwealth of Massachusetts, and the insurer of the Employee Benefit Plan Salaried Employees George Weston Bakeries, Inc.

3. Defendant is Employee Benefit Plan Salaried Employees George Weston Bakeries, Inc., ("LTD Plan"), an employee benefit plan, having a place of business at 55 Paradise Lane, Bay Shore, New York.

1

4. Defendant is George Weston Bakeries Distribution, Inc. ("GWB") a New York corporation, having a place of business at 55 Paradise Lane, Bay Shore, New York.

## Jurisdiction and Venue

5. This Court has original jurisdiction for claims for benefits arising under 29 U.S.C. § 1132.

6. Venue is proper before this Court, because the plaintiff resides in the eastern district of Massachusetts.

## Facts Common to All Counts

7. At all times material hereto, Ms. Jaeger had been employed as a full time employee for GWB, or one of its affiliated companies.

8. At all times relevant hereto, Ms. Jaeger was a beneficiary under the LTD Plan.

9. The LTD Plan is an "employee welfare benefit plan," as defined by ERISA, 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

10. GWB is the Plan Administrator and Plan Sponsor of the LTD Plan.

11. MetLife insures the LTD Plan and is jointly liable for payment of benefits under the LTD Plan.

12. Ms. Jaeger is a "participant" in the LTD Plan, as defined by ERISA, 29 U.S.C. § 1002(7).

13. Ms. Jaeger was employed as a district sales manager for George Weston Bakeries, within the Commonwealth of Massachusetts.

14. At all times material hereto, and since at least December 27, 2002, Ms. Jaeger has been "totally disabled" within the meaning of the terms of the LTD Plan, and has been entitled under the LTD Plan to be paid both short-term disability and long-term disability benefits, and continues to be disabled to date.

15. Ms. Jaeger suffers from a severe form of scoliosis and post operative difficulties after undergoing a spinal fusion at T2-C3.

16. For a period of time, commencing on or about December 27, 2002 until on or about December, 2004, MetLife paid disability benefits to Ms. Jaeger pursuant to the insurance policy and LTD Plan.

17. In order to support its adverse benefit decision of December 2004, MetLife relied on the opinion of Dr. Robert Y. Pick, MD, who performed a cursory and limited record review, and without reasonable explanation rejected the opinions of Ms. Jaeger's treating physician opinions regarding her significant occupational impairment, including that of her leading orthopaedic surgeon Frank Rand, MD.

18. MetLife retained Dr. Pick through Network Medical Review - Elite Physicians of Rockford, Illinois ("NMR"), an organization owned and controlled by Dr. Robert Porter, MD. NMR regularly reviews ERISA disability claims on behalf of insurers such as Fortis - Assurant, MetLife, Sun Life, Liberty Life Assurance Company of Boston and others.

19. NMR is paid substantial sums of money each year by insurers, including Fortis-Assurant, MetLife, Sun Life, Liberty Life Assurance Company of Boston and others.

20. NMR advises its reviewing doctor not to use certain language in writing disability opinions.

3

21. Dr. Pick was not an "independent medical reviewer," and appears not to have practiced clinical medicine since the late 1980s and conducts substantial numbers of file reviews at the request of insurance companies.

22. Under the LTD Plan, Ms. Jaeger was required to seek benefits from the United States Social Security Administration ("SSA"), or the LTD Plan would estimate the benefits that she might expect to receive and reduce that sum from her monthly benefit payment, and Ms. Jaeger signed MetLife forms permitting MetLife to assist her in the SSA process.

23. The SSA, by a written decision dated July 16, 2003 found that Ms. Jaeger had been disabled and remains disabled from gainful employment effective December 24, 2002.

24. After MetLife's most recent adverse benefit decision, Ms. Jaeger timely filed an appeal of the benefits denial which was received by MetLife on June 24, 2005.

25. Prior to commencing this action, Ms. Jaeger has exhausted her administrative remedies under the LTD Plan, insurance policy and under ERISA, because the LTD Plan and MetLife have failed to render a decision no later than forty five (45) days after MetLife received Ms. Jaeger's appeal of June 24, 2005.

4

## Count I

### Benefits Due From MetLife and the
### LTD Plan under ERISA, 29 U.S.C.§ 1132

26. Ms. Jaeger realleges paragraphs 1 through 25 and incorporates the same by reference as if fully set forth herein again.

27. As the *de facto* plan administrator and benefit payor, MetLife is operating under a conflict of interest, and to the extent that MetLife contends that its decision to terminate benefits under the discretionary standard of review, that contention must be denied, and MetLife's decision must be reviewed under a *de novo* standard of review.

28. To the extent that MetLife had been granted discretionary authority under the LTD Plan (plaintiff specifically denies that MetLife has been granted discretion) both MetLife and the LTD Plan abused that discretion, for reasons including, the failure to render a decision no later than forty five (45) days after receipt of the appeal, and in accordance with the United States Department of Labor regulations set forth at 29 C.F.R. § 2560.503-1, and engaging in an inherently unfair claim process.

29. MetLife's decision to terminate Ms. Jaeger's benefits under the LTD Plan are wrongful whether determined under *de novo* standard, or the arbitrary and capricious standard, or the heightened scrutiny standard of review.

30. Ms. Jaeger fulfilled all of the requirements for obtaining benefits under the LTD Plan and the insurance policy of MetLife.

31. As a result of MetLife's and the LTD Plan's refusal and failure to pay to Ms. Jaeger disability benefits provided to her and to those participants who are totally disabled, Ms. Jaeger is entitled to relief against MetLife and the LTD Plan to recover benefits due to her under the terms of the LTD Plan and insurance policy, to enforce her rights to benefits under the Plan and to clarify her rights to future benefits under the LTD Plan and insurance policy, pursuant to 29 U.S.C. § 1132 (a).

## Count II

### Breach of Contract Against MetLife

32. Ms. Jaeger realleges paragraphs 1 through 31 and incorporates the same by reference as if fully set forth herein again.

33. Ms. Jaeger is a direct, or intended third party beneficiary of an insurance contract between GWB, and MetLife.

34. MetLife breached that insurance contract, and caused Ms. Jaeger to suffer damages.

## Count III

### Failure to Timely Provide Plan Documents

35. Ms. Jaeger realleges paragraphs 1 through 34 and incorporates the same by reference as if fully set forth herein again.

36. By letter dated February 22, 2005, counsel to Ms. Jaeger made written request for the Summary Plan Description and Plan documents relating to the LTD Plan. A duplicate letter was sent to MetLife.

37. MetLife refused to produce documents even though it controlled administration of the LTD Plan. To date, it appears that MetLife has not produced all "other instruments under which the plan is operated," including the *Met Procedures and Policy for Processing Claim*.

38. Pursuant to 29 U.S.C. § 1024(b)(4) the plan administrator shall, whether *de facto* or actual, upon written request of a participant, furnish a copy of the "other instruments under which the plan is operated," and a summary plan description.

39. Both GWB, and MetLife failed to provide the requested documents within thirty days, are a subject to a penalty of as described in 29 U.S.C. § 1132( c)(1) of up to $110/per day beginning on the thirty-first (31st) day.

WHEREFORE, plaintiff Sharon A. Jaeger, demands relief and judgment, jointly and severally, against the defendants as follows:

1. In an amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. Injunctive relief declaring the rights and duties of the plaintiff and defendants with respect to past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

3. For an order precluding a remand of this matter for further determination by the defendants regarding the termination of benefits.

4.  For a penalty in the amount of $110.00 per day for each day after March 25, 2005, that the defendants failed to timely deliver "other instruments under which the plan is operated" and a summary plan description.

5.  For such other relief as this Court deems just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

SHARON A. JAEGER
By Her Attorneys,

_____
Jonathan M. Feigenbaum, Esq.
B.B.O. N#546686
Philips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. : (617) 367-8787

L:\sjae002\complaint.wpd

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sharaon A. Jaeger

## DEFENDANTS
Metropolitan Life Insurance Company, George Weston Bakeries Distribution, Inc.; Employee Benefit Plan Salaried Employees

**(b)** County of Residence of First Listed Plaintiff: Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jonathan M. Feigenbaum, Phillips & Angley, One Bowdoin Square, Boston, MA 02114; 617-367-8787

Attorneys (If Known)

05cv11775 WGY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC section 1132

Brief description of cause:
Plaintiff seeks to recover long term disability benefits, attorneys' fees, interest and costs.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 8/25/05

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Sharon A. Jaeger v. Metropolitan Life Insurance Company__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05cv11775 WGY**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jonathan M. Feigenbaum__
ADDRESS __Phillips & Angley, One Bowdoin Square, Boston, MA 02114__
TELEPHONE NO. __617-367-8787__

(CategoryForm.wpd - 5/2/05)