UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 05-11775-WGY

_____
                                            )
Sharon A. Jaeger,                           )
                                            )
    Plaintiff                               )
                                            )
v.                                          )
                                            )
Metropolitan Life Insurance Company,        )
Employee Benefit Plan Salaried Employees George )
Weston Bakeries, Inc., George Weston Bakeries )
Distribution, Inc.,                         )
                                            )
    Defendants.                             )
_____)

## **DEFENDANTS' ANSWER**

Defendants hereby answer the numbered paragraphs of plaintiff's Complaint as follows.

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. The defendants deny that Metropolitan Life Insurance Company ("MetLife") is located at One Madison Avenue, New York, New York. The defendants admit that MetLife provides insurance for a long-term disability plan under a group policy issued to George Weston Bakeries, Inc. ("GWB"). Otherwise, the defendants admit the remaining allegations contained in paragraph 2.

3. The defendants admit only that the Long Term Disability Employee Benefit Plan for Salaried Employees of George Weston Bakeries, Inc. (the "Plan") is an employee welfare

benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

    4.    The defendants admit the allegations contained in paragraph 4.

    5.    The defendants state that paragraph 5 contains legal conclusions as to which no response is required.

    6.    The defendants state that paragraph 6 contains legal conclusions as to which no response is required.

    7.    The defendants admit the allegations contained in paragraph 7.

    8.    The defendants admit only that Ms. Jaeger was a participant of the Plan. Otherwise, denied.

    9.    The defendants admit the allegations contained in paragraph 9.

    10.    The defendants admit the allegations contained in paragraph 10.

    11.    The defendants admit only that MetLife insures the Plan under a group policy issued to GWB. Otherwise, denied.

    12.    The defendants admit the allegations contained in paragraph 12.

    13.    The defendants admit the allegations contained in paragraph 13.

    14.    The defendants deny the allegations contained in paragraph 14.

    15.    In response to paragraph 15, the defendants admit only that the medical records submitted at various times to MetLife contained information regarding plaintiff's scoliosis. Otherwise, denied.

    16.    In response to paragraph 16, the defendants state that on or about April 30, 2003, GWB submitted a disability claim on behalf of Ms. Jaeger to MetLife. Further responding,

defendants state that the plaintiff was awarded long-term disability benefits effective June 27, 2003 until on or about November, 2004. Otherwise, denied.

17. The defendants deny the allegations contained in paragraph 17.

18. Defendants admit only that medical information which had been submitted by plaintiff to MetLife was sent to Network Medical Review on or about October 19, 2004, for a determination of plaintiff's level of functionality. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Otherwise, denied.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19. Otherwise, denied.

20. Defendants state that MetLife did not advise Dr. Pick on what language to use in his review of plaintiff's medical records and determination of plaintiff's level of functionality. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20. Otherwise, denied.

21. The defendants deny that Dr. Pick was not an "independent medical reviewer." The defendants are without knowledge or information sufficient to form a belief as to the meaning of "clinical medicine" or "substantial numbers" with respect to Dr. Pick's practice. Otherwise, denied.

22. In response to paragraph 22, the defendants state that on or about May 9, 2003, MetLife informed Ms. Jaeger by letter of the requirement to apply for Social Security Disability benefits, and that Ms. Jaeger authorized MetLife to refer her to a law firm to assist her in pursuing such benefits. Otherwise, denied to the extent the allegations mischaracterize the requirements of the Plan.

23. In response to paragraph 23, the defendants admit only that on or about July 26, 2003, the Social Security Administration provided a notice to Ms. Jaeger that it had found she had become disabled under Social Security Administration rules on December 24, 2002. Otherwise, denied.

24. In response to paragraph 24, the defendants state that the plaintiff appealed the denial of her benefits on or about November 18, 2004. The decision was upheld, after an extension of the appeal period, on January 12, 2005. Further answering, the defendants state that by letter dated June 20, 2005, another attorney filed another request for appeal. Further answering, the defendants state that on or about July 14, 2005, the new attorney provided additional information to MetLife. On or about August 26, 2005, plaintiff's new attorney by letter requested that MetLife cease any claim review. Otherwise, denied.

25. The defendants deny the allegations contained in paragraph 25.

26. The defendants repeat their responses to paragraphs 1 through 25 as if set forth herein.

27. The defendants deny the allegations contained in paragraph 27.

28. The defendants deny the allegations contained in paragraph 28.

29. The defendants deny the allegations contained in paragraph 29.

30. The defendants deny the allegations contained in paragraph 30.

31. The defendants deny the allegations contained in paragraph 31.

32. The defendants repeat their responses to paragraphs 1 through 31 as if set forth herein.

33. The defendants deny the allegations contained in paragraph 33.

34. The defendants deny the allegations contained in paragraph 34.

35. The defendants repeat their responses to paragraphs 1 through 34 as if set forth herein.

36. Defendants admit only that on or about February 22, 2005, an attorney sent a letter to MetLife and GWB which, among other things, requested that MetLife begin paying benefits to plaintiff, and purporting to inform the defendants that all internal appeals had not been exhausted because MetLife's letters allegedly violated ERISA. The defendants state that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence, the correspondence speaks for itself and therefore deny the allegations contained in paragraph 36.

37. The defendants deny the allegations contained in the first sentence of paragraph 37. In response to the second sentence, MetLife states that on or about March 4, 2005, the claim file and the Plan summary were forwarded to plaintiff's attorney. Otherwise, denied.

38. The defendants state that paragraph 38 contains legal conclusions as to which no response is required.

39. The defendants deny the allegations contained in paragraph 39.

The remaining paragraphs of the Complaint state claims for relief as to which no response is required. The defendants specifically deny that plaintiff is entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's complaint seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq., which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### Second Affirmative Defense

To the extent (and without admitting that) plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan, including without limitation, Social Security disability benefits.

### Third Affirmative Defense

To the extent (and without admitting that) plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that plaintiff has an entitlement to unlimited future benefits given, inter alia, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

### Fourth Affirmative Defense

The determinations by any defendant regarding plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan and applicable law.

**Fifth Affirmative Defense**

All determinations made by any defendant with respect to plaintiff's claim for benefits were made in the interest of all Plan participants and beneficiaries and in accordance with the terms and conditions of the Plan documents.

**Sixth Affirmative Defense**

Plaintiff's claim for breach of contract against MetLife (Count II) is wholly preempted by ERISA.

**Seventh Affirmative Defense**

The prayers for relief and jury demand are barred to the extent the relief sought are not permitted by ERISA.

**Eighth Affirmative Defense**

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted under ERISA.

**Ninth Affirmative Defense**

The plaintiff's claims for relief are barred by the requirements, exclusions and limitations of the Plan.

**Tenth Affirmative Defense**

The plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, the defendants respectfully request that the Court dismiss the Complaint with prejudice, and award defendants their attorneys' fees and costs.

>METROPOLITAN LIFE INSURANCE
>COMPANY, EMPLOYEE BENEFIT PLAN
>SALARIED EMPLOYEES GEORGE WESTON
>BAKERIES, INC., and GEORGE WESTON
>BAKERIES DISTRIBUTION, INC.
>By their attorneys,
>
>/s/ Constance M. McGrane
>
>James F. Kavanaugh, Jr. BBO #262360
>Constance M. McGrane BBO #546745
>CONN KAVANAUGH ROSENTHAL PEISCH
> & FORD, LLP
>Ten Post Office Square
>Boston, MA 02109
>617-482-8200

Dated: October 11, 2005

237461.1