UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 05-11775-WGY

|  |  |
|---|---|
| Sharon A. Jaeger,<br><br>    Plaintiff<br><br>v.<br><br>Metropolitan Life Insurance Company, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

*Nov 15, 2006 as modified*

*WRG. D.J. as the case management schedule so order*

*Discovery due May 3, 2006*
*Dispositive Motion due May 19, 2006*

*William G. Young*
*U.S. District Judge*

## JOINT STATEMENT REGARDING PRE-TRIAL MATTERS

Pursuant to Local Rule 16.1, the Defendants Metropolitan Life Insurance Company

("MetLife"), Employee Benefit Plan Salaried Employees George Weston Bakeries, Inc. (the

"Plan"), George Weston Bakeries Distribution, Inc. ("George Weston"), and the plaintiff, Sharon

A. Jaeger ("Jaeger") hereby file this Joint Statement Regarding Pre-Trial Matters.

1.    Proposed Discovery Plan and Schedule for Motions

The parties propose the schedule set forth below for consideration by the Court. The

parties do not wish to conduct phased discovery.

    a.    Motions to join additional parties and to amend the pleadings must be filed by

        January 14, 2006.

    b.    The defendants shall deliver on or before December 7, 2005 to plaintiff a set of

        documents that defendants represent to be the administrative claim file (including

        diary notes), related correspondence, and certificate of insurance for the matter,

with certain privileged documents redacted ("Claim File").  Defendants will also
serve a Privilege Log with the Claim File.

c.      If the plaintiff claims that any of the Claim File is incomplete or inaccurate in any
way, she must notify the defendants' counsel in writing of the same by January
13, 2006.  If the plaintiff does not provide such notice by January 13, 2006, then
defendants shall file with the Court the Claim File served on plaintiff titled as
"Agreed to Record for Judicial Review."  If the plaintiff does provide such notice,
then the parties must then confer in an attempt to ascertain an Agreed to Record
for Judicial Review by February 3, 2006.  If the parties come to an agreement,
they are to immediately file an "Agreed To Record For Judicial Review."  If the
parties cannot agree on the record for judicial review, then the parties shall file
with the Court by February 17, 2006, a document entitled "Partial Record for
Judicial Review" which contains only that portion of the record on which the
parties agree.  To the extent the parties disagree concerning the proper contents of
the record for judicial review, the parties shall file memoranda concerning any
additional material they seek to have added to the record for judicial review by
March 3, 2006.  Parties opposing any such motion shall file any opposition by
March 24, 2006, or twenty-one (21) days thereafter, which date is earlier.

d.      If any party proposes that a party is entitled to any discovery in order to constitute
or supplement the record for judicial review, the party must file with the Court a
submission showing cause for the party's entitlement to such discovery.  The
Court expects a reasonable degree of particularity as to what discovery is sought
and why reason exists to expect that the product of discovery would be properly

-2-

received at trial and would be material to the disposition of this civil action. Any requests for discovery must be filed by March 3, 2006. Counsel to any party not proposing discovery shall have fourteen (14) days after a party files a submission showing cause for a party's entitlement to such discovery, to file an opposition thereto.

e.    The parties are not required to follow the disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

f.    Summary Judgment Motions with accompanying memoranda must be filed by the later of: (1) May 19, 2006 or (2) two (2) months after the Court determines what constitutes the record for judicial review, as supplemented, whichever is later. Each party may file an opposition to the other party's motion for summary judgment fourteen (14) days after service of the motion for summary judgment.

2.    The defendants and Jaeger do not consent to trial by magistrate judge.

3.    The defendants and Jaeger will be filing separately their Certificate(s) of Budget and ADR Conference.

4.    The defendants and Jaeger propose a trial date of September 18, 2006.

Respectfully submitted,

SHARON JAEGER
By her attorney,

/s/ Jonathan M. Feigenbaum
(by CMM – authorized 11/14/05)
Jonathan M. Feigenbaum (BBO# 546686)
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
(617) 367-8787

METROPOLITAN LIFE INSURANCE
COMPANY OF AMERICA,
By its attorneys,

/s/ Constance M. McGrane
James F. Kavanaugh, Jr. (BBO# 262360)
Constance M. McGrane (BBO# 546745)
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

240326.1

-4-