**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| \_\_\_SHARON A. JAEGER_____ <br> Plaintiff(s) <br><br> V. <br><br> \_\_\_METROPOLITAN LIFE INS., CO., ET AL\_\_ <br> Defendant(s) | CIVIL ACTION <br><br> NO. \_\_05-11775-WGY\_\_\_ |

**ORDER OF REFERENCE**
**FOR**
**ALTERNATIVE DISPUTE RESOLUTION**

After consultation with counsel and after consideration of the various alternative dispute resolution programs (ADR) available, I find this matter appropriate for ADR and accordingly, refer this case to _____ADR - JANUARY, 2006_____ for the following ADR program:

_____ SCREENING CONFERENCE   _____ EARLY NEUTRAL EVALUATION
\_\_\_X\_\_\_\_  MEDIATION                         _____ MINI-TRIAL
_____ SUMMARY JURY TRIAL          _____ SETTLEMENT CONFERENCE
_____ SPECIAL MASTER
_____ PRIVATE ALTERNATIVE DISPUTE RESOLUTION PROGRAM

Upon notification of the time and place designated for the proceeding, counsel are directed to be present with their clients or with appropriate settlement authority and to provide any written documentation which may be required for the particular ADR program.   If counsel is engaged on trial or has any scheduling conflict and a continuance becomes necessary, the provider of the ADR program and other counsel should be advised of the conflict immediately.

| | |
|---|---|
| \_\_12/9/05_____ <br> DATE | /s/ William G. Young_____ <br> UNITED STATES DISTRICT JUDGE |

**CASE CATEGORY**

| | | | |
|---|---|---|---|
| Admiralty | \_\_\_\_\_ | Antitrust | \_\_\_\_\_ |
| Civil Rights | \_\_\_\_\_ | Contract | \_\_\_\_\_ |
| Copyright/Trademark/Patent | \_\_\_\_\_ | Environmental | \_\_\_\_\_ |
| ERISA | \_\_\_\_\_ | FELA | \_\_\_\_\_ |
| Labor Relations | \_\_\_\_\_ | Medical Malpractice | \_\_\_\_\_ |
| Personal Injury | \_\_\_\_\_ | Product Liability | \_\_\_\_\_ |
| Shareholder Dispute | \_\_\_\_\_ | | |
| Other | | _____ | |

(ADR Referral.wpd - 4/12/2000)                                                                                                [orefadr.]